UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA HUSTON,

      Plaintiff,

v.

AUTOKINITON d/b/a TOWER
INTERNATIONAL, INC.,

      Defendant.
_____/

Case No. 4:23-cv-13070
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF NO. 17) AND WITHDRAWING CERTAIN AFFIRMATIVE DEFENSES

**A.**   **Background**

On December 4, 2023, Plaintiff Kenya Huston brought this action against Autokiniton d/b/a Tower International, Inc. On May 21, 2024, Judge Behm referred this case to me for all discovery matters pursuant to 28 U.S.C. § 636(b). (ECF No. 11.)

Plaintiff filed the instant motion to compel on October 25, 2024. (ECF No. 17.) The matter has been fully briefed, and I conducted a hearing on November 26, 2024.

B.   Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 17), as framed by the joint statement of resolved and unresolved issues (ECF No. 23), is **GRANTED IN PART AND DENIED IN PART** as follows:

**Interrogatory No. 4**:  Defendant's objections are overruled in part, sustained in part, as further explained on the record. They are sustained as to the interrogatories being overly broad, vague, and ambiguous, and overruled as to being premature and unduly burdensome.  Defendant is DIRECTED to supplement its responses as to each affirmative defense that is not withdrawn with a minimum of one sentence that answers "Why" (the affirmative defense is applicable, supportable and likely to be efficacious) and must also identify any known witness that is relied upon as to that particular affirmative defense.

**Interrogatory No. 5**:  Defendant's objections are overruled in part and sustained in part. Defendant is DIRECTED to supplement its answer.  Defendant must specify the reasons for Plaintiff's termination and specify which work rules, if any, Plaintiff allegedly violated in connection with her termination. Any persons who were involved or participated in the decision to terminate Plaintiff must be

identified by name and employment position title. Defendant must also identify all documents relied upon in the termination decision.

**Interrogatory No. 6**: Defendant's objections that the requests are overbroad, unduly burdensome and irrelevant are overruled (and the objections throughout its discovery responses that the information sought is not "reasonably calculated to lead to admissible evidence" is also overruled as relying on an outdated standard). Defendant is DIRECTED to supplement its response to fully respond to the interrogatory, with respect to each part of the request, with the exception that the Court will not require a general description of the document. Defendant must explain the manner in which the document was communicated to employees, and the manner, if any, in which employees acknowledged receipt or knowledge of the document's contents and/or existence.

**Interrogatory No. 7**: Defendant's objections that the requests are overbroad and duplicative are overruled. Defendant represented on the record that Plaintiff was not terminated for her job performance but based on her insubordinate conduct. Nonetheless, Defendant is DIRECTED to supplement the response to reflect the representation made on the record.

**Interrogatory No. 8**: Defendant's objection that the request is overly broad is overruled, and its objection that it is duplicative is likely sustainable but without knowing Defendant's other supplemental responses it is difficult to discern. Thus,

3

Defendant is DIRECTED to supplement its response, but only to the extent Defendant has not answered this request in its other supplemental responses.

**Interrogatory No. 9**: Defendant is DIRECTED to supplement its response to provide a further explanation as to why, if there are no similarly situated employees, "R. Norman" is identified, providing the specifics of R. Norman's termination as framed by the request.

**Interrogatory No. 10**: Defendant's objections that the request is overly broad and duplicative are SUSTAINED. Defendant's response is sufficient. If Plaintiff wants to restate this request with further specificity, Plaintiff may propound an additional interrogatory.

**Interrogatory No. 12**: Plaintiff's motion for further supplementation on this request is denied. Defendant has sufficiently responded to this request.

**Interrogatory No. 13**: Defendant's objections are overruled in part and sustained in part, as outlined on the record. The request is relevant and proportional as to claims of 1) retaliation and 2) discrimination, but NOT as to 3) sexual harassment, since Plaintiff does not allege a sexual harassment claim. The request is also reasonable as to the temporal limit of five years. However, Plaintiff's request is hereby NARROWED, consistent with the objections sustained above, to apply solely to any terminations in which the terminated employee claimed retaliation or discrimination and the termination occurred at the Plymouth facility

or the termination occurred in any facility if Mr. Hernandez was involved in the termination decision. Defendant is DIRECTED to supplement its answer accordingly.

**Request for Production No. 5**: Defendant's objections are overruled in part and sustained in part, as detailed on the record. The request is overbroad as written, but the Court will nonetheless order production. The Court strikes the words "but not limited to" from the request and ORDERS Defendant to respond to the remainder of the request by either supplementation or clarification that all documents have been produced. Defendant is further directed to identify any documents that may be responsive but are not being re-produced because they have already been produced in response to other requests.

**Request for Production No. 13**: Defendant's overbroad and unduly burdensome objections are sustained, but the remaining objections are overruled. As written, the request is too broad to require any response, particularly since Plaintiff has not brought claims based on gender, sex, harassment or failure to promote. However, Plaintiff may propound an additional, targeted interrogatory, appropriately narrowed in scope, as outlined on the record, to *identify* lawsuits within the past five years asserting claims of disability or racial discrimination, failure to accommodate a disability or retaliation. But Plaintiff's motion is denied as to this request in its present form.

**Request for Production Nos. 17, 18, 20, 21:** Defendant's overbroad and unduly burdensome objections are sustained. Defendant's existing responses as to Requests 17, 18, 20, and 21 are sufficient and the motion to require more is denied.

**Request for Production No. 19:** Defendant's overbroad, unduly burdensome, and ambiguity objections are sustained. As written, it is unclear that the request is relevant. Plaintiff's motion is denied as to this request.

**Request for Production No. 23**: Defendant's objections that the request is overbroad and duplicative are sustained. Defendant has produced any responsive documents which relate to Plaintiff. The request as written is disproportional, and any further supplementation is not required.

**Request for Production Nos. 24 and 25**: Defendants' objections are overruled in part, sustained in part. The Court limits the requests temporally as to five years, and also limits the requests as to only discrimination and retaliation, but not harassment. The Court also limits the requests as to the Plymouth facility or any termination in which Mr. Hernandez was involved in the termination decision, at any facility.

It is further ordered that Defendant's Affirmative Defenses "O" and "R" are **HEREBY WITHDRAWN** by Defendant, as noted on the record.

Supplementation as ordered above must be completed by **December 17, 2024**, unless the parties agree to different date.

Any new interrogatories propounded by Plaintiff to cure the defects identified in this order are bound by the numerical limitations found in Fed. R. Civ. P. 33(a)(1).

No costs will be awarded to either side, as neither side wholly prevailed in their position. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

Dated: November 27, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).