UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA HUSTON,                                      Case No. 23-13070

       Plaintiff,                              Hon. F. Kay Behm

v.                                                 United States District Judge

AUTOKINITON, d/b/a TOWER
INTERNATIONAL, INC.,

       Defendant.

_____ /

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 45)

## I.   PROCEDURAL HISTORY

This matter is before the court on Plaintiff's motion for reconsideration (ECF No. 45).  Plaintiff Kenya Huston brought claims of disability discrimination and failure to accommodate, retaliation, and racial discrimination against Defendant Tower Automotive Operations USA I, LLC d/b/a Autokiniton.[1]  In its Opinion and Order granting summary judgment on all counts except for failure to accommodate, the court granted judgment on Counts I and II for retaliation.  *See* ECF No.

_____

[1] Defendant is incorrectly identified in the case caption as Autokiniton d/b/a Tower International, Inc.

1

43.  Plaintiff moves for reconsideration of that portion of the opinion and order.  ECF No. 45.  Defendant responded following the court's order requiring a response.  ECF No. 47.

For the reasons explained below, the court **DENIES** Plaintiff's motion for reconsideration and **GRANTS** Defendant's request for fees and costs incurred in responding to the motion.

## II.   STANDARD OF REVIEW

Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (B) an intervening change in controlling law warrants a different outcome, or (C) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.  E.D. Mich. L.R. 7.1(h)(2).  "Motions for reconsideration of non-final orders are disfavored."  *Id.*[2]

---

[2] Both Plaintiff and Defendant cite the standard for Rule 59(e); however, even though the court's order on summary judgment adjudicated many of Plaintiff's

Notably, a motion for reconsideration, much like a motion to alter or amend a judgment, is not for the purpose of "proffer[ing] a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *McConocha v. Blue Cross Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).  Nor is it an appropriate vehicle for raising new facts or arguments.  *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration"). "A motion for reconsideration 'addresses only factual and legal matters that the court may have overlooked . . . .'  It is improper on a motion for reconsideration to 'ask the court to rethink what [it] had already thought through—rightly or wrongly.'" *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  "It is an exception to the norm for the Court to grant a motion for

---

claims, it did not grant summary judgment on all claims, therefore was not a final order, and the local rule applies.  The standards are substantively similar, however.

3

reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  To prevail on a motion for reconsideration, "[t]he movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." *Draughn v. Caruso*, No. 10-CV-11143, 2010 WL 1751885, at *1 (E.D. Mich. Apr. 29, 2010).  A palpable defect is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Id.* (citing *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997)).

## III.  ANALYSIS

Plaintiff's motion seeks reconsideration of the grant of summary judgment to Defendant on Counts I and II.  As the factual issues presented in the summary judgment motion are somewhat complex, the court assumes familiarity with that opinion.  Plaintiff's present motion for reconsideration is limited to what she argues is a discrete error in the court's retaliation analysis: the Opinion states that Plaintiff backed up none of her pretext arguments with citations to record evidence, but in her view, Plaintiff's amended response did cite record evidence.  ECF No. 45, PageID.2110.

The relevant paragraph from the court's Opinion is helpful to recount here:

> Plaintiff comes forward with the following arguments that she says prove pretext: the "close temporal proximity between HR's awareness of the protected activity/relationship of Plaintiff to Tiara Williams;" the alleged lack of basis for Williams' termination; the lack of progressive discipline for Huston (i.e. that she was fired rather than given a disciplinary measure short of dismissal); that she was allegedly told at the time that she was being terminated "so she would not further injure herself" but Defendant now claims she was terminated for insubordination and abandoning her job, even though she returned to work at a different part of the plant; that there is "no contemporaneous documentary evidence of any kind as to the reason for Plaintiff's termination;" that the HR representative who fired Plaintiff was herself fired and could not recall Plaintiff's termination; and that "Defendant fired everyone it believed to be associated with Tiara Williams." ECF No. 38, PageID.1507-08. Of these statements, Plaintiff backs up none with citations to record evidence. *See id.* It is not the court's job to try and piece together a plaintiff's case for them. *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008); *see Emerson v. Novartis Pharms. Corp.*, 446 F. App'x. 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956) (7th Cir. 1991) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record."). Nonetheless, all of her arguments are without merit.

ECF No. 43, PageID.2042-43.

Plaintiff's argument that the court was wrong to say that "Of these statements, Plaintiff backs up none with citations to record evidence" misrepresents both the content of her own brief and the Opinion itself.  The relevant portion of Plaintiff's response briefing, with no citations omitted or other alterations, reads as follows:

> The close temporal proximity between HR's awareness of the protected activity/relationship of Plaintiff to Tiara Williams, should not entitle Defendant to any "business judgment" defense as a matter of law, where the entire basis of its motion relies on the Court believing Defendant's witness' testimony.  *Anderson v. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253-54 (1986). In addition to the timing, all of the following supports that Defendant's reason is illegitimate: 1) the basis for Defendant's termination of Plaintiff's sister, Tiara Williams, is a made-up sham for which it has no witnesses to present at trial without it constituting hearsay; 2) Defendant still provides employees with progressive discipline even if they are on probation, per Hernandez's testimony and Exhibit H, but Plaintiff did not receive that; 3) Plaintiff was told she was being terminated so she would not further injure herself, but Defendant claims she was terminated for "insubordination" and abandoning her job, even though she returned to work a full shift on the line (which she could do without issue), and she was physically unable to lift what she was being asked to lift; 4) there is no contemporaneous

6

> documentary evidence of any kind as to the reason for Plaintiff's termination; 5) one of the people who are alleged to have terminated her – Maccani – who was sweating and shaking while terminating her, was herself fired two days later, also without warning, and recalls nothing of the investigation, reason, or any times Plaintiff was warned regarding conduct; and 6) Defendant fired everyone it believed to be associated with Tiara Williams, including Ms. Williams.  All of the above would all permit *any* reasonable juror to infer pretext and retaliatory motive.  Summary judgment is inappropriate on the issue of retaliation.

ECF No. 38, PageID.1507-08.

The court's reference to Plaintiff's lack of citations to record evidence refers to this paragraph, which indisputably does not include record citations (except for a single reference to Exhibit H, without page citation).  Perhaps recognizing this was the court's intent, Plaintiff's argument turns to the point that she cited record evidence in her "Statement of Additional Facts[.]"  ECF No. 45, PageID.2111.  And although she does not clearly explain herself, the implication is that the court should have known which of her statements of fact she was referring to, and should have known or inferred what record evidence supported each argument.  But the court's point was that Plaintiff made no effort to direct the court, within her argument, to specific facts or

evidence in support of her argument.  Plaintiff cannot handwave at all of the evidence she has presented (totaling nearly 500 pages of attachments to her response) and expect the court to sort through which specific facts and which specific records she intends to apply to which theory she presented.  "Just as a district court doesn't abuse its discretion by declining to put flesh on the bones of a skeletal argument, it doesn't abuse its discretion by declining to assemble a skeleton from a pile of bones dropped at its feet." *Kennedy v. Smith*, No. 25-1880, 2026 LX 196525, at \*7 (6th Cir. Apr. 20, 2026); *see McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  The court did not err in pointing out that her argument failed to connect specific record citations to each specific argument she was making.

But Plaintiff has a more fundamental problem.  Even if she were correct that the court had a duty to construct her arguments for her, or should have reasonably inferred what evidence she referred to, Plaintiff's motion ignores the next 10 pages of the court's Opinion. Although the court paused to point out that Plaintiff had made no effort to connect her arguments to specific record evidence, for the sake of thoroughness, the court then attempted to refer back to record evidence

that might support her theories, and explained on the merits why each and every one of her pretext arguments failed. *See* ECF No. 43, PageID.2044-54. So when Plaintiff tries to argue that the court erred because her theory of pretext "did not rely on temporal proximity alone" (ECF No. 45, PageID.2112), it is not clear what Plaintiff is talking about; pages 16-26 of the court's Opinion painstakingly walk through each of her theories of pretext, supplies record citations where appropriate, rejects each theory on the merits, and concludes that because all of her alternative theories failed to raise genuine disputes of material fact, her retaliation case ultimately rested solely on temporal proximity, which itself was not enough to survive summary judgment. *See id.* Plaintiff ignores this analysis and conclusion almost entirely in her motion, and does not identify any clear error in that portion of the Opinion. With one exception, Plaintiff's motion does not cite to or acknowledge the existence of that portion of the Opinion at all. The sole point from that section of the court's Opinion that Plaintiff cites to or addresses in any way is that "[t]he Court later noted uncertainty regarding who exactly made the determination to terminate Plaintiff." ECF No. 45, PageID.2114 (citing ECF No. 43, PageID.2053). But the

court's Opinion directly addresses that point and explains why that lack of clarity regarding who, exactly, made the final termination decision was "not sufficient to show that a reasonable jury could find, by a preponderance of the evidence, that those making the decision were influenced by retaliatory motive related to Williams' sexual harassment complaint." ECF No. 43, PageID.2053-54. Plaintiff's undeveloped argument that her "response cited testimony directly bearing on that point" (ECF No. 45, PageID.2114) ignores the court's analysis and provides no reason to think a clear error was made in reaching that conclusion.

Her motion for reconsideration is therefore denied.

## IV. FEES AND COSTS

Finally, Defendant asks the court to award Defendant its costs and attorneys' fees incurred in responding to Plaintiff's motion. Parties may make such a request under 28 U.S.C. § 1927, which authorizes a district court to hold an attorney liable "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred" when that attorney "so multiplies the proceedings in any case unreasonably and vexatiously." The standard is objective and does not require bad faith,

10

but requires at least recklessness: "An attorney becomes sanctionable when [s]he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007); *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997). Sanctions under § 1927 are appropriate when "an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting citation omitted).

Plaintiff's motion is frivolous and is riddled with misrepresentations of the content of the court's Opinion and Order. But the court's prior order was not the only document that should have alerted Plaintiff to the issues in her motion. Defendant correctly pointed out in its response that "the Court's Opinion, via separate subsections, meticulously considered, *inter alia,* Plaintiff's arguments and purported evidence regarding (1) temporal proximity, (2) Williams' termination, (3) progressive discipline, (4) allegedly being terminated in order "not to injure" herself, (5) contemporaneous documentary evidence

11

of her termination, (6) the termination of Maccani, and (7) the alleged

terminations of others associated with Williams. . . .   Plaintiff's

conflicting claim that the Court's decision was based solely on temporal

proximity is incorrect, if not outright baffling."  ECF No. 47,

PageID.2121.  Having been put on notice of the obvious deficiencies in

her motion, Plaintiff's counsel did not withdraw the motion.  The

content of the court's opinion and counsel's citations to nearby pages in

that opinion, combined with her refusal to withdraw or amend her

motion when informed by defense counsel of its numerous problems,

constitutes a knowing disregard of the risk that this motion would

needlessly multiply these proceedings.  *See* ECF No. 74, PageID.1949-

50; *see also EscapeX IP, LLC v. Google LLC*, 159 F.4th 1360, 1369 (Fed.

Cir. 2025) (affirming district court's award of fees under § 1927 for

failure to withdraw or amend Rule 59(e) motion after notice from

opposing party's briefing).  The court further notes that in this very

case, the court devoted an entire section of its earlier Opinion to

addressing counsel's "serious and active misstatement[s] of the record."

ECF No. 43, PageID.2092-97.  The court warned Plaintiff's counsel that

"in the future, similar conduct may well incur sanctions, including

12

dismissal of the offending brief and forfeiture of the right to file a correction, and/or monetary sanctions for misrepresentations of the record." *See id.*

Her current brief misrepresents the record, fell well short of her obligations as a member of the bar, and needlessly imposed expense on the court and the opposing party. While this conduct may or may not have been in bad faith, at the very least counsel "knowingly disregard[ed]" the risk that her actions would needlessly multiply these proceedings. *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007). Counsel, and not Plaintiff, will satisfy Defendant's fees and costs.

## V.    CONCLUSION

For the reasons stated above, the court **DENIES** the motion for reconsideration and **GRANTS** Defendant its fees and costs in responding to the motion. Plaintiff's counsel must satisfy personally the costs, expenses, and attorneys' fees reasonably incurred in the filing of their response.

**SO ORDERED**.

Date: April 27, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge
